



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 8, 1939

Hon. E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. C-724
Re: To whom should claims for over-
night lodging and feeding of pri-
soners on the way to the peniten-
tiary be presented and in what
amount?

Your request for opinion upon the above ques-
tion has been received by this department. We quote
from your letter as follows:

"In transporting prisoners to the peni-
tentiary, occasionally the custodian making
the conveyance finds it convenient to stop
over nights in Cleburne with his prisoners.
These prisoners are cared for and fed and
kept in the jail. It occurs to me that the
State of Texas does not wish any county to
bear this expense but I am unable to find
where such claims should be presented and
for what amounts. To whom should claim be
presented and for how much per diem?"

Article 6166(r), Revised Civil Statutes of
Texas, in part, reads as follows:

"Transportation of prisoners. The mana-
ger shall make suitable provisions and regu-
lations for the safe and speedy transportation
of prisoners from ocunties where sentenced to
the State penitentiary by the sheriffs of such

respective counties if such sheriffs are will-
ing to perform such services as cheaply as
said commission can have it done otherwise.
Said transportation shall be on State account
and in no instance shall the prisoners be
carried direct from the county jails to the
State farm, but shall first be carried to the
receiving station as designated by the prison
board where the character of labor which each
prisoner may reasonably perform shall be deter-
mined...."

It is apparent from a reading of the above sta-
tute that it is the duty of the manager of the prison
system to make suitable provisions and regulations for
the safe and speedy transportation of prisoners from coun-
ties where sentenced to the state penitentiary by the
sheriffs of such respective counties if such sheriffs are
willing to perform such services as cheaply as said com-
mission can have it done otherwise. It is further appar-
ent that if such sheriffs are not willing to perform such
services as cheaply as said commission can have it done
otherwise, then in that event the prison commission, through
its manager, may contract for such services elsewhere. We
can see no legal inhibition which would prevent the mana-
ger of the prison system, either personally or by some
legally authorized agent, from contracting with the com-
missioners' court of the county for the providing of over-
night lodging and feeding of state prisoners on the way
to the penitentiary by the county in the county jail. We
can see no legal inhibition which would prevent an inde-
pendent contractor, having a contract with the manager of
the prison system, to transport prisoners from counties
where sentenced to the state penitentiary, from contract-
ing with the commissioners' court of the county for the
providing of overnight lodging and feeding of state pri-
soners on the way to the penitentiary by the county in the
county jail.

Therefore, in answer to your question, you are
respectfully advised that it is the opinion of this de-
partment that any valid claim for overnight lodging and
feeding of prisoners on the way to the penitentiary should

be presented to the party or system contracting for such overnight lodging and feeding of prisoners.  You are further respectfully advised that the amount of the claim or claims should be the amount previously agreed upoh or contracted for by and between the parties to the contract.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

*General C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN